DAUKSCH, Judge.
Petitioner has filed with the court a request for injunctive relief. He urges the illegality of Section 944.291, Florida Statutes (1977), which requires his release before the expiration of his full sentence if he has earned gain time deductions and extra good time allowances. This statute is a part of the Mandatory Conditional Release provision governing state prisoners. The allowance of gain time for good conduct and extra good time allowances are meant to reward those prisoners who have made an effort to conduct themselves in a manner the prison authorities deem proper during incarceration. The legislature has provided a method by which the benefits can be computed and if the prisoner properly conducts himself then the prison must release him before he has served the sentence the court ordered. Petitioner complains that he is not really released from the control of the state because the statute requires that he be under the supervision of the Department of Offender Rehabilitation as if on parole until the expiration of the period of time he would have served in prison had he not been given credit for his gain time and good time. He urges he is being subjected to double jeopardy which we assume he means he is being punished twice for the same crime. This is not so. Petitioner was sentenced to a term in prison and he has the opportunity to be released before his sentence actually expires if he complies with prison regulations and performs the labor required to obtain statutory benefits. He has the alternative, however, of not performing the labor and not behaving himself which will result in his being permitted to serve his entire sentence in prison instead of receiving the benefits of the Mandatory Conditional Release. Petitioner is serving only one sentence, a portion of which is in prison and the remainder *1165 of which is in freedom, subject to his being under the supervision of the state as if on parole.
The petition for permanent injunction which we treat as a petition for habeas corpus is DENIED.
MOORE and BERANEK, JJ., concur.